IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


UNITED STATES OF AMERICA

VERSUS                                          CRIMINAL NO. 1:02cr9WJG-JMR-1
                                                CIVIL ACTION NO. 1:11cv118WJG

DARIC M. JOHNSON
a/k/a Skeeter


O R D E R


THIS CAUSE comes before the Court on the motion [267] filed by the Defendant, Daric

M. Johnson, to alter or amend the Court's order entered on April 5, 2011, denying Defendant's

motion to vacate filed pursuant to 28 U.S.C. § 2255.  (Ct. R., Doc. 266.)  Johnson argues, and the

Court concurs, that the date on which Johnson's judgment became final under 28 U.S.C. § 2255

was miscalculated.  (*Id.*)  The Court of Appeals for the Fifth Circuit [Fifth Circuit] entered its

judgment on Johnson's appeal on November 3, 2009.  (Ct. R., Doc. 261.)  Johnson subsequently

filed a petition for rehearing, and this petition was denied by the Court of Appeals on December

29, 2009.  *United States v. Johnson*, No. 07-60583, Doc. 0051992721 (5th Cir. Dec. 29, 2009)

(order denying petition for rehearing).

"[A] conviction becomes final when a defendant's options for further direct review are

foreclosed, whether or not those options have been pursued."  *Clay v. United States*, 537 U.S.

522, 525 (2003); *United States v. Thomas*, 203 F.3d 350, 355 (5th Cir. 2000).  This includes time

for seeking certiorari at the United States Supreme Court, regardless of whether such a petition

is filed.  *United States v. Gamble*, 208 F.3d 536, 537 (5th Cir. 2000).  Pursuant to 28 U.S.C. §

2101(c), a petitioning party has 90 days to seek certiorari once his options for direct review are foreclosed. Thus, the time for seeking certiorari ended on March 29, 2010, at which time the Court of Appeal's judgment became final. Under 28 U.S.C. § 2255, a petitioner may file a motion for writ of *habeas corpus* within one year of a final judgment. In this case, the statute of limitations would time bar a section 2255 motion filed after March 29, 2011. Johnson filed his section 2255 motion on March 24, 2011. (Ct. R., Doc. 265.) Because Johnson's motion was timely, the Court will address the merits of the claims presented therein. (Ct. R., Doc. 265.)

Factual Summary

Johnson was arrested on February 3, 2002, for his involvement in a drug-related conspiracy. (Ct. R., Doc. 39.) The following day, Doyle Lee Coats was appointed as Johnson's counsel. (Ct. R., Doc. 18.) On February 7, 2002, Johnson appeared with Coats at a detention hearing, during which Johnson waived a preliminary hearing. (Ct. R., Doc. 27.) A Grand Jury then indicted Johnson on February 21, 2002. (Ct. R., Doc. 32.) Johnson's initial appearance and arraignment was held on March 12, 2002. (Ct. R., Doc. 43.) At the hearing, Johnson pleaded not guilty, and Coats advised the Court that Johnson wished to retain Neil Hanley as counsel. (Ct. R., Doc. 43.) The Court ordered that Hanley be substituted for Coats as counsel on May 14, 2002. (Ct. R., Doc. 81.)

A Grand Jury entered a superseding indictment on June 4, 2002. (Ct. R., Doc. 104.) Hanley appeared with Johnson at the arraignment on the superseding indictment on June 26, 2002. (Ct. R., Doc. 119.) At that hearing, Johnson again pleaded not guilty. (Ct. R., Doc. 119.) Hanley continued to represent Johnson through his trial, which began October 8, 2002. (Ct. R., Doc. 214.) A unanimous jury found Johnson guilty on four drug-related counts and one firearm-related count. (Ct. R., Doc. 167.) Following Johnson's request, Hanley withdrew as counsel on January 17, 2003. (Ct. R., Doc. 183.)

<u>Legal Standards of Ineffective Assistance of Counsel</u>

Most of the claims in Johnson's section 2255 petition involve claims of ineffective assistance of counsel.  To prevail on an ineffective assistance of counsel claim, the defendant must prove:  (1) that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and (2) that the deficient performance prejudiced his defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  As more recently explained by the United States Supreme Court:

> To establish ineffectiveness, a defendant must show that counsel's representation fell below an objective standard of reasonableness.  To establish prejudice he must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Williams v. Taylor*, 529 U.S. 362, 390-1 (2000) (citations omitted).

To satisfy the first prong of the *Strickland* analysis, the petitioner "must show that [his] counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-8.

> Judicial scrutiny of counsel's performance must be highly deferential.  It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.

(*Id*. at 689.)

Under the second prong, to demonstrate prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." (*Id*. at 694.)

I.    <u>Ineffective Assistance of Counsel During Pretrial</u>

Johnson argues that relief under section 2255 should be granted because his pretrial counsel was ineffective, without specifically identifying which of his attorneys were ineffective. (Ct. R., Doc. 265, p. 4.)  He argues that the attorneys failed to:  (1) properly challenge the violation of Johnson's statutory right to a speedy trial; (2) move for dismissal due to the violation of Johnson's Sixth Amendment right to a speedy trial; (3) properly argue for suppression due to the violation of Johnson's Fourth Amendment rights and the false affidavit submitted in support of the search warrant; (4) appear for several pre-trial hearings, which resulted in those motions being ruled moot; and (5) explain the risks between pleading guilty and not guilty, which led Johnson to unknowingly and involuntarily enter a plea of not guilty.  (*Id.*)

a.    <u>Statutory Speedy Trial Claim</u>

Johnson's arguments in the first claim of his section 2255 petition fail to overcome the strong presumption that his counsel was effective.  (Ct. R., Doc. 265, p. 4.)  He claims that his counsel failed to properly challenge a violation of his statutory right to a speedy trial.  (*Id.*)  Johnson must show that his counsel's performance was objectively unreasonable, and that he was prejudiced as a result.  *Strickland*, 466 U.S. at 687-8.

With respect to Coats, Johnson's claim does not satisfy the first prong of the *Strickland* analysis.  The Sixth Amendment does not require counsel to attempt a "useless charade."  *United States v. Cronic*, 466 U.S. 648, 657 (1984); *see Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering; it is the very opposite.") Coats represented Johnson for a very brief period following Johnson's arrest, and no meritorious statutory speedy trial claim arose during that time.  Therefore, any statutory speedy trial claim

would have been a "useless charade." *Cronic*, 466 U.S. at 657.  Accordingly, the Court finds that Johnson failed to establish that Coats' performance was unreasonable, and as such, his claim of ineffective assistance of counsel from Coats, as it relates to an alleged violation of Johnson's statutory right to a speedy trial, is without merit.

Johnson also fails to demonstrate that Hanley's performance was deficient.  On at least two separate occasions, Hanley filed motions to dismiss for the Court's failure to provide a speedy trial pursuant to 18 U.S.C. § 3161.  One motion was filed on July 12, 2002, and another was filed on August 20, 2002.  (Ct. R., Doc. 124, 140.)  The Court thoroughly reviewed these motions and denied them on October 7, 2002.  (Ct. R., Doc. 164.)  Johnson does not explain, and the record does not indicate, how Hanley's performance was unreasonable with respect to challenging an alleged violation of Johnson's statutory right to a speedy trial.  Thus, the Court concludes that Johnson's claim of ineffective assistance of counsel by Hanley for an alleged violation of this right is without merit.

      b.      Sixth Amendment Speedy Trial Claim

Next, Johnson claims that his counsel failed to properly argue that his Sixth Amendment right to a speedy trial had been violated.  (Ct. R., Doc. 265, p. 4.)  Whether a defendant's Sixth Amendment right to a speedy trial has been violated is addressed in a four-factor analysis outlined by the Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 530 (1972).  In the Fifth Circuit, a full *Barker* analysis is not warranted until there has been a one-year delay.  *United States v. Molina-Solorio*, 577 F.3d 300, 304 (5th Cir. 2009).  Johnson was arrested in February 2002, and he stood trial in October 2002.  (Ct. R., Docs. 32, 214.)  Any argument for a Sixth Amendment speedy trial violation would have been futile, as the one-year delay for making such

a claim was well short of being reached.  Moreover, the Sixth Amendment does not require counsel to attempt a "useless charade."  *Cronic*, 466 U.S. at 657.  In Johnson's case, a pretrial constitutional speedy trial claim would have been a "useless charade" because the delay was less than one year.  As such, the Court concludes Johnson's claim that Coats and Hanley were ineffective for failing to make such an argument is without merit.

      c.    <u>Failure to Suppress Evidence Claim</u>

Johnson's next contention in his section 2255 petition is that his counsel was constitutionally ineffective for failing to properly argue for the suppression of evidence gathered in violation of Johnson's Fourth Amendment rights.  (Ct. R., Doc. 265, p. 4.)  "The filing of pretrial motions falls squarely within the ambit of trial strategy."  *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1984).  Moreover, the use of pretrial motions is entitled to heavy deference and should not be second-guessed.  *United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002) (*citing Lamb v. Johnson*, 179 F.3d 352, 358 (5th Cir.), *cert. denied*, 528 U.S. 1013 (1999)).

Johnson argues that the law enforcement agents engaged in an illegal search and seizure, and that they relied upon a false affidavit submitted in support of the search warrant.  (Ct. R., Doc. 265, p. 4.)  With respect to Coats, Johnson cannot establish that he was prejudiced by Coats' failure to file a motion to suppress the evidence.  Coats' role as counsel ceased on May 14, 2002, and a Grand Jury subsequently entered a superseding indictment on June 4, 2002.  (Ct. R., Docs. 81, 104.)  As Coats had no involvement Johnson's trial, which was held on the superseding indictment, Johnson could not have been prejudiced by Coats' failure to argue for the suppression of evidence.  Accordingly, the Court finds that Defendant's claim against Coats is without merit.

With respect to Hanley, Johnson's claim satisfies neither prong of the *Strickland* analysis. Hanley filed several motions to suppress the disputed evidence. He filed two such motions on May 10, 2002. (Ct. R., Docs. 79, 80.) After both motions were denied, he filed motions to reconsider each of them. (Ct. R., Docs. 146, 147.) Under the *Strickland* analysis, such diligence by Hanley is clearly reasonable. *Strickland*, 466 U.S. at 687-8. Moreover, Johnson cannot show that he was prejudiced by Hanley's actions. To demonstrate prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (*Id.* at 694.) The Court carefully considered this evidentiary issue in two separate orders. (Ct. R., Docs., 141, 163.) Furthermore, the Fifth Circuit also addressed this issue, and affirmed the Court's decision. (Ct. R., Doc. 215.) Accordingly, the Court finds that Johnson's claim regarding ineffective assistance of counsel associated with any motions to suppress is without merit.

       d.      <u>Failure to Appear Claim</u>

In his section 2255 petition, Johnson also argues that his counsel was constitutionally ineffective for failing to appear at hearings on motions, which resulted in those motions being ruled moot. (Ct. R., Doc. 265, p. 4.) Indeed, on May 28, 2002, Hanley did not appear at a hearing on several pre-trial motions, and the Court subsequently deemed these motions moot. (Ct. R., Docs. 86-94.) Coats filed these motions on March 29, 2002. (Ct. R., Docs. 65-73.) Hanley was substituted as counsel for Coats on May 14, 2002. (Ct. R., Doc. 81.) The motions mooted when Hanley failed to appear on May 28, 2002 include: (1) Motion for Bill of Particulars; (2) Motion for Disclosure of Confidential Informant; (3) Motion to Preserve Evidence; (4) Motion to Produce Grand Jury Testimony; (5) Motion to Produce Video,

Photographic and/or Audio Recordings; (6) Motion to Require the Government to Reveal Any

Agreement Between the Government and Any Prosecution Witness That Could Conceivably

Influence His or Her Testimony; (7) Motion for Disclosure of Electronic Surveillance; (8)

Motion to Produce Any and All Statements By Co-Conspirators or Co-Defendants; and (9)

Motion for Intent to Use Evidence.  (Ct. R., Docs. 86-94.)  Notably, all of these motions related

to Johnson's first indictment filed on February 21, 2002.  (Ct. R., Doc. 32.)  For the Court to find

that Hanley was constitutionally ineffective, Johnson must show that, but for Hanley's failure to

appear at the hearing, the results would have been different.  *Strickland*, 466 U.S. at 694.  As to

the Motion for Bill of Particulars, the United States provided a Bill of Particulars on March 18,

2002.  (Ct. R., Docs. 65, 61.)  Johnson therefore suffered  no prejudice as a result of this motion

being deemed moot.  After the superseding  indictment was filed on June 4, 2002, (Ct. R., Doc.

104), the Court summarily addressed several of the other motions filed by Coats.  The Court's

Order Regarding Discovery ordered the United States to produce all evidence falling under

Federal Rules of Criminal Procedure 26.2 and 16(a)(1)(A), (B), (C), and (D); 18 U.S.C. §

3500(e); Federal Rule of Evidence 404(b); and impeachment material falling under *Giglio v.*

*United States*, 405 U.S. 150 (1972).  (Ct. R., Doc. 120.)  Moreover, on July 12, 2002, Hanley

timely filed several motions particular to the superseding indictment, the only viable indictment

at the time of trial.  Hanley's motions include:  (1) Motion for Production of Any Statement of

Defendant and Statements of Alleged Co-Conspirators Which are Attributable to the Defendant

and  Memorandum of Law; (2) Defendant's Request for Discovery; (3) Defendant's Motion for

Disclosure of Impeaching Information; and (4) Motion for Disclosure of Rule 404(b) Evidence

and Incorporated Memorandum of Law.  (Ct. R., Docs. 126-29.)  These motions were denied by

the Court in its Order of October 7, 2002, in which the Court found that the motions were previously addressed in the initial discovery order.  (Ct. R., Doc. 164, p. 11; Doc 120.)  Because the Court and Hanley addressed the substance of all of Coats' mooted motions, Hanley's absence at the hearing on May 28, 2002, had no impact on Johnson's ability to receive a fair trial.  Thus, Johnson did not suffer prejudice and cannot satisfy the second *Strickland* prong. 466 U.S. at 694.

Accordingly, the Court finds that Johnson's claim of ineffective assistance, with respect to  Hanley's absence at the hearing, is without merit.

e.    Failure to Advise to Enter Guilty Plea

In Johnson's final argument of the first part of his section 2255 motion, he claims that his pretrial counsel was ineffective for failing to properly advise him of the risks associated with pleading not guilty.  While Coats was serving as counsel, Johnson pleaded not guilty to the first indictment at his initial appearance and arraignment.  (Ct. R., Doc. 43.)  Because Johnson never went to trial on the first indictment, it is inconceivable that he was prejudiced by Coats' alleged failure to properly advise him.  Coats'  advice, or lack thereof, had no bearing on the outcome of Johnson's trial.  *Strickland*, 466 U.S. at 694.  Accordingly, the Court finds that Johnson's claim with respect to Coats is without merit.

After Hanley became counsel, Johnson pleaded not guilty to the superseding indictment. (Ct. R., Doc. 119.)  Johnson argues that his decision to plead not guilty was made unknowingly and involuntarily; moreover, he argues that had he been properly advised, he would have pleaded guilty.  (Ct. R., Doc. 265, p. 4.)

To succeed on this claim of ineffective assistance of counsel, Johnson must satisfy both prongs of the *Strickland* analysis.  466 U.S. at 694.  This requires a showing that his counsel's

performance "fell below an objective standard of reasonableness," and that Johnson was prejudiced as a result. (*Id.* at 687.) To demonstrate prejudice, he must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (*Id.*) Here, to show prejudice, Johnson must show that "had he been properly advised, he would have pleaded guilty and a guilty plea would have resulted in a lesser sentence." *United States v. Moore*, 2011 WL 818156 at *4 (5th Cir. Mar. 4, 2011) (*citing Arnold v. Thaler*, 630 F.3d 367, 369-70 (5th Cir. 2011) ("[A] petitioner must show a reasonable probability that, absent counsel's ineffectiveness, he would have changed his plea.")); *see United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004.) While such a showing would satisfy the second prong of *Strickland*, Johnson must still satisfy the first prong by showing that his counsel's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687.

Johnson's claim, that his "counsel failed to explain the true risks between going to trial and pleading guilty," is quite vague. (Ct. R., Doc. 265, p. 4.) Johnson does not specify what "risks" his counsel failed to explain. (*Id.*) For example, had Johnson's counsel failed to inform him of a plea offer, his counsel's performance might have fallen below an objective standard of reasonableness. *Arnold*, 630 F.3d at 370. Or, for example, had his counsel failed to inform him of the maximum sentence that he could have received, then his counsel's performance may have been objectively unreasonable. *Moore*, 2011 WL 818156 at *5 (*citing United States v. Herrera*, 412 F.3d 577, 580 (5th Cir. 2005)). These are only two examples of unreasonable performance. Johnson does not allege that his counsel failed in either of these respects, or in any other respect. He also does not provide any evidence in support of his argument.

Johnson's claim lacks the specificity the Court needs to adequately address it.  In similar situations, district courts have given the petitioner an opportunity to state his claim with greater specificity.  *See, e.g., United State v. Martinez*, 181 F.3d 627, 629 (5th Cir. 1999); *see, e.g., United States v. Thomas*, 240 F.3d 1074 (table), 2000 WL 1835278 at *1 (5th Cir. Nov. 28, 2000).  With respect to the issues addressed in section I-e of this Order, the Court will allow Johnson to amend his petition to provide sufficient details.  A helpful explanation will include precisely what "risks" Hanley did not explain to Johnson.  If Johnson is "unable to provide more than his present statement, summary dismissal of his petition will be appropriate." *Martinez*, 181 F.3d at 629.  The Court will further request affidavits from Hanley and the Assistant United States Attorney addressing Johnson's contentions regarding this claim.  28 U.S.C. § 2246.  To supplement this evidence, the Court has requested transcripts of both arraignments.

II.      Ineffective Assistance of Counsel During Trial

In the second part of his section 2255 motion, Johnson argues that his trial counsel was ineffective.  (Ct. R., Doc. 265, p. 5.)  Johnson states that his counsel failed to:  (1) move for dismissal when the United States testified and vouched for its witnesses; (2) failed to object when the United States led witnesses; (3) failed to properly present and argue during closing arguments; (4) failed to object to erroneous jury instructions; and (5) failed to inform him of his right to testify, a right he would have exercised had he known the decision to do so was his. (*Id.*)

a.      Failure to Move for Dismissal

Johnson first argues that his trial counsel, Hanley, failed to "move for dismissal based  on the government's attempts to testify and to vouch for its witnesses."  (Ct. R., Doc. 265, p. 5.)  Indeed, a prosecutor should not vouch for the credibility of a government witness. *United States*

*v. Ramirez-Velasquez*, 322 F.3d 868, 874 (5th Cir. 2003).  Prosecutors, however, are free to summarize evidence and make a fair inference from it that a witness has no reason to lie.  *United States v. Washington*, 44 F.3d 1271, 1278-79 (5th Cir. 1995); *Jackson v. Johnson*, 194 F.3d 641, 654 (5th Cir. 1999).  Moreover, criminal convictions are "not to be lightly overturned on the basis of a prosecutor's statements standing alone, for the statements or conduct must be viewed in context." *United States v. Young*, 470 U.S. 1, 11 (1985).  The issue here, however, is whether Hanley provided ineffective assistance by failing to move for dismissal based on alleged prosecutorial misconduct.  (Ct. R., Doc. 265, p. 5.)

Johnson fails to meet his burden of demonstrating that his counsel's performance was deficient, and that he was prejudiced as a result.  *Strickland*, 466 U.S. at 687.  In his declaration, Defendant states that Hanley failed to "move for dismissal based on the government's attempts to testify and to  vouch for its witnesses," Johnson does not offer any evidence of how the prosecutor vouched for  any witnesses.  (Ct. R., Doc. 265, p. 5.)  Johnson also does not explain how he was prejudiced by Hanley's failure to move for dismissal in response to the alleged vouching.  (*Id.*)  The statements contained in the trial transcript do not support Johnson's assertion that the prosecutor engaged in  improper vouching.  Moreover, nothing on the record suggests that Hanley's performance was  deficient by failing to move for dismissal in response to the alleged vouching.

Again, as stated several times in this Order, the Sixth Amendment does not require counsel to attempt a "useless charade." *Cronic*, 466 U.S. at 657; *see also Clark*, 19 F.3d at 966. Motioning for dismissal due to vouching, when  no such vouching occurred, would certainly have been a "useless charade."  (*Id.*)  The Court finds that this claim is without merit and should

be dismissed.

      b.      <u>Failure to Object to the United States' Leading of Witnesses</u>

Next, Johnson states that his counsel failed to "object to the government's leading of its witnesses in an attempt to get the witnesses to testify according to the government's theory of defense." (Ct. R., Doc. 265, p. 5.) "However, failure to object to leading questions and the like is generally a matter of trial strategy as to which we will not second guess counsel." *Burnett v. Collins*, 982 F.2d 922, 930 (5th Cir. 1993). "Moreover, a conscious and informed decision on trial tactics cannot be the basis for constitutionally ineffective representation unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Daniels v. Maggio*, 669 F.2d 1075, 1079 (5th Cir. 1982) (*citing Fitzgerald v. Estelle*, 505 F.2d 1334 (5th Cir. 1975)). Here, there is no indication on record that Hanley's trial tactics permeated "the entire trial with obvious unfairness." *Daniels*, 669 F.2d at 1079. To the contrary, Hanley made several objections to leading questions made by the prosecutor. (Ct. R., Doc. 214, pp. 19, 20, 156, 158, 196.) Johnson does not allege, nor does the record indicate, that he suffered any prejudice as a result of Hanley's failure to object to an allegedly leading question. Here, Johnson does not satisfy either prong of the *Strickland* analysis. 466 U.S. at 687. The Court finds that this claim is without merit and should be dismissed.

      c.      <u>Failure to Properly Present and Argue in Closing Arguments</u>

Johnson argues that his trial counsel, Hanley, "failed to properly present and argue during closing arguments." (Ct. R., Doc. 265, p. 5.) "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690. "In considering whether counsel's closing argument was ineffective,

we consider the closing statements in their entirety." *Carter v. Johnson*, 131 F.3d 452, 466 (5th Cir. 1997) (*citing Teague v. Scott*, 60 F.3d 1167, 1173 (5th Cir. 1995)).

Johnson fails to meet his burden of demonstrating that Hanley's performance in his closing argument was deficient. The transcript of Hanley's closing argument does not support Johnson's argument that his performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687. Furthermore, Johnson does not and cannot demonstrate how he was prejudiced by Hanley's closing argument. To demonstrate prejudice, he must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (*Id.*) Johnson makes no such showing. Accordingly, the Court finds that this claim is without merit and should be dismissed.

d.  Failure to Object to Erroneous Jury Instructions

Johnson claims that Hanley "failed to object to the erroneous jury instructions regarding the government's cooperating witnesses." (Ct. R., Doc. 265, p. 5.) The Court issued four instructions that fit Johnson's description of "jury instructions regarding the government's cooperating witnesses." (Ct. R., Doc. 252, pp. 51-54.) They are: "Expert Witness" [§ 1.17]; "Impeachment By Prior Conviction (Witness Other Than Defendant)" [§ 1.12]; "Accomplice—Informer—Immunity" [§ 1.14]; and "Accomplice—Co-defendant—Plea Agreement" [§1.15]. (Ct. R., Doc. 252, pp. 51-54.) In each instance, the Court precisely followed the recommended Fifth Circuit pattern jury instructions. Fifth Circuit Pattern Jury Instructions Criminal §§ 1.17, 1.12, 1.14, 1.15 (West 2001). The only instance where the Court's instructions varied from the pattern instructions was the instruction regarding expert witnesses. (Ct. R., Doc. 252, p. 52.) Here, the Court merely urged the jury to use great care in evaluating the testimony of the expert

witnesses.  (Ct. R., Doc. 252, p. 52.)

To succeed on his claim of ineffective assistance of counsel, Johnson must satisfy both prongs of the *Strickland* analysis.  *Johnson v. Cockrell*, 301 F.3d 234, 237-38 (5th Cir. 2002).  In this instance, Johnson does not demonstrate how Hanley's performance fell below an objective standard of reasonableness.  Where the jury instructions are a correct statement of the law, such as the Fifth Circuit's pattern instructions, they are not objectionable.  *See United States v. Garcia Abrego*, 141 F.3d 142, 153 (5th Cir. 1998) (holding that instructions cautioning the jury regarding its evaluation of the testimony of accomplices and paid informants adequately safeguard a criminal defendant); *Johnson v. United States*, 2009 WL 2149946 at *11 (N.D. Miss. July 16, 2009) (holding that jury instruction addressing possession is not objectionable because it is a correct recitation of the law, and counsel's decision to not object to it is an example of effective representation); *Williams v. United States*, 2010 WL 2787825 at *4 (W.D. La. May 12, 2010) (holding that the petitioner's attorney had no grounds for objecting to the "Official Duties" instruction because it was a Fifth Circuit pattern jury instruction).  Because Hanley had no grounds for objecting to the inclusion of the Fifth Circuit's pattern jury instructions, the absence of such an objection does not render his assistance deficient.  The Court thus finds that this claim is without merit and should be dismissed.

     e.    <u>Failure to Inform of Right to Testify</u>

Johnson next argues that his trial counsel, Hanley, was ineffective because he "failed to inform Petitioner that the right to testify and decision whether to testify belonged solely to the Petitioner; had Petitioner known that the decision was his, he would have asserted that right and testified."  (Ct. R., Doc. 265, p. 5.)  A criminal defendant has the ultimate right to decide whether

he will testify at trial, and his "attorney must both consult with the defendant and obtain consent to the recommended course of action." *Florida v. Nixon*, 543 U.S. 175, 187 (2004). "A defendant who argues that his attorney prevented him from testifying must still satisfy the two prongs of *Strickland.*" *United States v. Harris*, 408 F.3d 186, 192 (5th Cir. 2005). To demonstrate that his counsel was ineffective, Johnson must prove that Hanley's performance was deficient, and that he was prejudiced as a result of Hanley's deficient performance. *Strickland*, 466 U.S. at 687.

There is "a strong presumption that counsel's decision not to place [a defendant] on the stand was sound trial strategy." *Sayre v. Anderson*, 238 F.3d 631, 635 (5th Cir. 2001). "Nonetheless, counsel cannot override the ultimate decision of a defendant who wishes to testify contrary to counsel's advice." *Bower v. Quarterman*, 497 F.3d 459, 473-74 (5th Cir. 2007) (*citing United States v. Mullins*, 315 F.3d 449, 453 (5th Cir. 2002)). "In order to show prejudice, a petitioner must demonstrate that counsel's errors were 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001) (quoting *Strickland*, 466 U.S. at 687). "Thus, an analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or reliable, is defective." *Willis*, 273 F.3d at 598 (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

"The burden of proof in a habeas corpus proceeding attacking the effectiveness of trial counsel is upon the petitioner, who must demonstrate that ineffectiveness by a preponderance of the evidence." *United States v. Williams*, 133 F. Supp. 2d 902, 906 (S.D. Miss. 1998) (*citing Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir. 1992), *cert. denied*, 469 U.S. 1028 (1993)). "A

petitioner's . . . and speculative allegations will not suffice in this regard." *Williams*, 133 F. Supp. 2d at 906 (*citing Kinnamon v. Scott*, 40 F.3d 731, 734-35 (5th Cir.), *cert. denied*, 513 U.S. 1054 (1994)). A district court may, however, invite the petitioner to amend his claim with greater specificity. *Thomas*, 240 F.3d 1074 (table), 2000 WL 1835278 at *1. In *Thomas*, the Court explained that it was unclear from the petitioner's section 2255 motion "whether 1) assuming his lawyer did not advise him of his right to testify, he nevertheless knew of this right, and, despite his requests to exercise his right, his attorney essentially ignored him; or 2) he wanted to testify, but because his attorney did not advise him of his right to do so, he did not understand he had such a right, and therefore did not express to the court his desire to testify." (*Id.*) The same uncertainty is present in Johnson's claim. In addition, Johnson does not explain how he was prejudiced when he did not testify at his trial. To demonstrate prejudice, Johnson "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Given the lack of specificity in this final claim of "Ground 2" of Defendant's section 2255 petition, the Court will allow Johnson to amend this claim to provide more details to the Court. If Johnson is "unable to provide more than his present . . . statement, summary dismissal of his petition will be appropriate." *Martinez*, 181 F.3d at 629. Also, because the record is devoid of evidence, the Court will require an affidavit from Hanley addressing potentially valid grounds raised in Johnson's argument regarding his right to testify. 28 U.S.C. § 2246.

III.     Ineffective Assistance of Counsel During Post-Trial

In Johnson's third salvo of ineffective assistance of counsel claims, he argues that he

received "ineffective assistance of counsel during sentencing, re-sentencing, and both appeals."
(Ct. R., Doc. 265, p. 7.)  Johnson was convicted on October 9, 2002.  (Ct. R., Doc. 167.)  In
January 2003, per Johnson's request, Hanley withdrew as Johnson's counsel.  (Ct. R., Doc. 183.)
At that time, Johnson retained new counsel in Chokwe Lumumba and Imhotep Alkebu-lan.  (Ct.
R., Docs. 180, 181.)  Lumumba and Alkebu-lan represented Johnson during his first sentencing,
which was held on February 13,  2003.  (Ct. R., Doc. 213.)    They subsequently filed a notice of
appeal on February 20, 2003.  (Ct.  R., Doc. 195.)  The Fifth Circuit affirmed Johnson's
conviction on February 6,  2004.  (Ct. R., Doc. 215.)  A motion for a rehearing, filed by
Lumumba and Alkebu-lan, was denied on March 19, 2004.  (Ct. R., Doc. 217.)

        Because Johnson was financially unable to pay his attorneys to file a petition for writ of
certiorari, Johnson requested court appointed counsel on June 29, 2004.  (Ct. R., Doc. 217.)
Johnson's request was denied on July 5, 2004.  (Ct. R., Doc. 218.)  On January 24, 2005, the
United States Supreme Court, in light of its decision in *United States v. Booker*, 543 U.S. 220
(2005), vacated Johnson's sentence and remanded the case to the Fifth Circuit.  (Ct. R., Doc.
219.)  Then, on August 8, 2005, the Court of Appeals remanded Johnson's case to  this Court for
re-sentencing.  (Ct. R., Doc. 220.)  Shortly thereafter, Omodare Jupiter, a federal public defender,
was appointed as Johnson's counsel.  (Ct. R., Doc. 223.)  At Johnson's request, Jupiter submitted
a motion to withdraw as counsel on December 1, 2006.  (Ct. R., Doc.  226.)  This motion was
granted during a hearing on December 6, 2006.  (Ct. R., Doc. 227, p. 2.)

        On December 18, 2006, Jon Van Arkel was appointed as Johnson's counsel.  (Ct. R.,
Doc. 229.)  Van Arkel represented Johnson during re-sentencing on July 17, 2007.  (Ct.  R., Doc.
243.)  He later filed a notice of appeal on Johnson's behalf on July 24, 2007.  (Ct. R.,  Doc. 234.)

On that same day, he also filed a motion to withdraw as counsel.  (Ct. R., Doc. 235.)  On August 1, 2007, John Weber, a federal public defender, was appointed as Johnson's counsel.  (Text Only Order, August 1, 2007.)  Due to Weber's conflict of interest, Michael Cox was appointed as Johnson's appellate counsel on August 9, 2007.  (Ct. R., Doc. 238.)  After Johnson filed a complaint against Cox with the Mississippi Bar, Cox withdrew as counsel on April 24, 2008. *Johnson*, No. 07-60583, 5th Cir., at Doc. 0051528178 (Apr. 24, 2008) (order granting  motion to withdraw as counsel).

The Court of Appeals appointed Julie Ann Epps as Johnson's counsel on April 24,  2008. (*Id.*, at Doc. 0051528178 (Apr. 24, 2008) (order appointing counsel)).  On November 6,  2008, however, Epps withdrew as counsel.  (*Id.*, at Doc. 0051106593 (Nov. 6, 2008) (order  granting motion to withdraw as counsel)).  Ian Brendel was appointed as Johnson's counsel on that same day.  (Ct. R., Doc. 253.)  On April 17, 2009, Brendel submitted Johnson's brief to the Court of Appeals.  *Johnson*, No. 07-60583, 5th Cir., at Doc. 0051750467 (Apr. 17, 2009) (Brief for Appellant).  The Court of Appeals dismissed in part and affirmed in part on November  3, 2009. (Ct. R., Doc. 261.)  On December 4, 2009, Brendel filed a "Motion to Re-Issue Judgment, to Set Aside the Mandate and to Return the Record to the US Court of Appeals for the Fifth Circuit." *Johnson*, No. 07-60583, 5th Cir., at Doc. 0051975229 (Dec. 4, 2009).  The Court of Appeals denied the motion to recall the mandate and reissue the judgment, but did grant the alternative motion allowing Johnson to file a petition for rehearing.  (*Id.*, at Doc. 0051979933 (Dec. 10, 2009)).  On December 16, 2009, Brendel filed a petition requesting a rehearing.  (*Id.,* at Doc. 0051983813 (Dec. 16, 2009)).  The petition was denied on December 29, 2009.  (*Id.*, at Doc. 0051992721 (Dec. 29, 2009)).  On March 24, 2011, Johnson, acting *pro se*, filed the present

motion under section 2255 to vacate, set aside, or correct his sentence.  (Ct. R., Doc. 265.)

> In his petition, Johnson states:
>
> During both sentencings, counsel failed to:  (1) properly challenge the 4-level enhancement for leadership by failing to present evidence and allowing Petitioner to  testify as to this enhancement; (2) failed to properly challenge the 2-level enhancement for possession of a firearm; (3) present evidence and properly argue for mitigation; and  (4) failed to properly argue against the unwarranted disparity between crack cocaine and  powder cocaine sentences.
>
> During both appeals, counsel failed to:  (1) challenge the violation of Petitioner's statutory  right to a speedy trial; (2) challenge the violation of Petitioner's 6th Amendment right to  a fair trial; (3) argue that the evidence was insufficient to sustain the conspiracy  conviction; (4) properly challenge the denial of Petitioner's motion to suppress; and (5) to  challenge the government's misconduct in vouching for its witnesses.

(Ct. R., Doc 265, p.7.)

The burden is on Johnson to demonstrate that his counsel's performance was both deficient and prejudicial.  *Cockrell*, 301 F.3d at 237-8 (*citing Strickland*, 466 U.S. 668).  "This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence."  *United States v. Dominguez-Lopez*, 2009 WL 819904 at *3 (S.D. Tex. Mar. 7, 2009) (*citing United States v. Dovalina*, 262 F.3d 472, 474-75 (5th Cir. 2001)).  "Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim."  *Carter*, 131 F.3d at 463 (*citing Strickland*, 466 U.S. at 687). Moreover, "mere . . . allegations on a critical issue are insufficient to raise a constitutional issue." *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (*quoting United  States v. Woods*, 870 F.2d 285, 288 n. 3 (5th Cir. 1989)).

Johnson's allegations do not raise a constitutional issue.  (*Id.*)  Moreover, vague

allegations alone are insufficient to trigger a hearing on their merits. *Martinez*, 181 F.3d at 629. A district court, however, may be called to give a petitioner an opportunity to state his claims with greater specificity. (*Id.*) With respect to the claims presented in "Ground 3" of his section 2255 petition, the Court will allow Johnson to provide such an amendment. If Johnson is "unable to provide more than his present . . . statement, summary dismissal of his petition will be appropriate." (*Id.*)

When amending his petition, Johnson should provide thorough explanations addressing the following deficiencies. First, Johnson does not state which attorney was ineffective with respect to each claim. Given that he was represented by at least eight different attorneys during this phase, it is virtually impossible to determine which attorney Johnson complains of in each of his arguments. Second, Johnson cites no evidence in support of his claims. He argues that his attorneys failed to do many things, but he does not point to any evidence, in the record or elsewhere, to support his claims. Without such evidence and explanation, the Court cannot determine whether an attorney's performance was deficient. Third, Johnson does not explain how his attorneys' deficient performances undermined his ability to receive a fair trial and sentence. Such an explanation is needed to determine whether Johnson was prejudiced.

IV.   Effect of *Arizona v. Gant*

The last claim in Johnson's section 2255 petition addresses the Supreme Court's decision in *Arizona v. Gant*, ___ U.S. ___, 129 S. Ct. 1710 (2009). (Ct. R., Doc. 265, p. 8.) Johnson describes the decision as an "intervening change in the law." (*Id.*) He states, "Since the appeal and subsequent appeal in this case, the Supreme Court issued its decision in *Arizona v. Gant*, which voids the previous denial of Petitioner's suppression motion pertaining to the search of his

car." (*Id.*)  The Supreme Court issued its decision on April 21, 2009, and it has not been made

retroactive to cases on collateral review.  *Peterson v. United States*, 2010 WL 2278259 at *2

(W.D. Tex. June 4, 2010) (*citing United States v. Brown*, 2009 WL 1605634 at *2 (D.S.C. June

5, 2009) ("The United States Supreme Court has not made *Gant* retroactive to cases on collateral

review.  [A] new rule is not made retroactive to cases on collateral review unless the Supreme

Court holds it to be retroactive.")).  Because the Court of Appeals did not enter its

judgment in Johnson's case until November 3, 2009, however, *Gant* would apply retroactively on

that direct review.  And although this issue was not raised on appeal, the Court will address its

merits.  *Johnson*, No. 07-60583, 5th Cir., at Doc. 0051750467 (Apr. 17, 2009).

> In *Gant*, the Supreme Court concluded that:

> > police may search a vehicle incident to a recent occupant's arrest only if the
> > arrestee is within reaching distance of the passenger compartment at the time of
> > the search or it is reasonable to believe the vehicle contains evidence of the
> > offense of arrest.  When these justifications are absent, a search of an arrestee's
> > vehicle will be unreasonable unless police obtain a warrant or show that another
> > exception to the warrant requirement applies.

*Gant*, 129 S. Ct. at 1723-24.

> "Thus, a search incident to arrest is proper if it is reasonable to believe the vehicle

contains evidence of the offense of arrest.  If not, the search can still be reasonable if the police

obtain a warrant or another exception applies."  *United States v. Owen*, 2009 WL 2857959 at *4

(S.D.  Miss. Aug. 28, 2009).  In *Gant*, the plaintiff "was arrested for driving on a suspended

license,  handcuffed, and locked in a patrol car before officers searched his car and found cocaine

in a jacket pocket."  *Gant*, 129 S. Ct. at 1712.  Johnson's case is readily distinguishable.  First,

Johnson was not arrested until after the search of his vehicle yielded two bales of marijuana.  (Ct.

R., Doc. 214, pp. 25-26.)  Second, even if *Gant* did apply in Johnson's situation, it was more

than reasonable for the law enforcement officers to believe that Johnson's vehicle contained narcotics.  (Ct. R., Doc. 141, p. 4.)  The Court therefore finds that Johnson's claim is without merit and should be dismissed.

Conclusion

The Court finds that Johnson's habeas petition [265] was timely filed, and accordingly grants his motion to alter or amend [267].  Upon review of the claims raised in the habeas petition, the Court finds that many of them are without merit.  Accordingly, the Court will dismiss them with prejudice.

Several of Johnson's claims, however, are too vague for the Court to adequately address them.  Should Johnson so choose, he may amend these claims within 30 days of the filing of this Order.  If he does not provide the amendments within 30 days, however, and/or if he does not provide thorough explanations, the Court will dismiss these claims with prejudice.

To supplement the evidence contained in the record, the Court will request affidavits from Neil Hanley and the Assistant United States Attorney.  Furthermore, the Court directs Hanley and the United States to file these affidavits within 15 days from the date Johnson files, if he doe file, the amendments to his habeas petition.  It is, therefore,

ORDERED that Johnson's motion [267] to amend or alter be, and is hereby, granted.  It is further,

ORDERED that Johnson's petition pursuant to section 2255 be, and is hereby, denied in part and stayed in part.  It is further,

ORDERED that Johnson's claims of ineffective assistance of counsel relative to Coats as these claims apply to Defendant's statutory and Sixth Amendment rights to speedy trial; failure

to suppress evidence; and failure to advise Defendant to enter a guilty plea, be, and are hereby, dismissed with prejudice.  It is further,

ORDERED that Johnson's claims of ineffective assistance of counsel relative to Hanley as those claim apply to Defendant's statutory and Sixth Amendment rights to speedy trial; failure to suppress evidence; failure to appear; failure to move for dismissal on the United States' attempts to testify and vouch for its witnesses; failure to object to the United States' leading of witnesses; failure to properly present and argue and closing; and failure to object to erroneous jury instructions be, and are hereby, dismissed with prejudice.  It is further,

ORDERED that Johnson's claim based on an intervening change in the law be, and is hereby, dismissed with prejudice.  It is further,

ORDERED that Johnson's claim of ineffective assistance of counsel relative to Hanley for the alleged failure to advise Defendant to enter an guilty plea, and the alleged failure to inform Defendant of his right to testify, be held in abeyance at this time.  It is further,

ORDERED that Johnson's claim of post-trial ineffective assistance of various counsel be held in abeyance at this time.  It is further,

ORDERED that Johnson, should he so desire, may amend the claims stayed by this Court within 30 days from the date of entry of this Order.  It is further,

ORDERED that should Johnson file an amendment, Hanley and the Assistant United States Attorney shall file responsive affidavits within 15 days of the date of filing of Johnson's amendment.  It is finally,

ORDERED that the Clerk of Court make arrangements for the transcription of Johnson's arraignment on the original Indictment held March 12, 2002; and Johnson's arraignment on the

Superseding Indictment held June 26, 2002.

SO ORDERED, this the 28th day of July, 2011.


_____Walter J. Gex III_____
UNITED STATES SENIOR DISTRICT JUDGE